[No. 4733.  Decided January 15, 1904.]

PETER LARSON *et al., Respondents,* v. J. H. ALLEN, *Appellant.*[1]

SALES—CONSTRUCTION OF BILL OF SALE—DESCRIPTION OF TIMBER SOLD.  The grant in a bill of sale of "all the timber of whatsoever kind and description now standing upon the following described lands," should not be construed as a reservation of fallen timber, but passes title to all timber being upon the lands.

SAME—ACTION TO QUIET TITLE TO TIMBER SOLD—VENDOR WHEN PROPER PARTY.  Where a party sells all the timber upon a tract of land, and subsequently makes another bill of sale of all the cedar timber on the same land, he is a proper party defendant to an action by his first grantees, brought to quiet title to the timber, in which it is alleged that he claims an interest therein, since his second bill of sale was an interference with plaintiff's rights.

Appeal from a judgment of the superior court for Snohomish county, Denney, J., entered December 6, 1902, after a trial before the court without a jury, quieting the plaintiffs' title to timber sold, and enjoining its removal. Affirmed.

*Brownell & Coleman,* for appellant.

*L. N. Jones* and *Dorr & Hadley,* for respondents.

DUNBAR, J.—This action was brought by respondents to quiet their title to all the timber described in the complaint, to enjoin the appellant and the defendants from entering upon said land and from cutting or removing any timber therefrom, and for damages for timber already cut and removed.  Judgment was obtained quieting the title and restraining the defendants from entering upon said lands for the purpose of cutting and removing any of the timber therefrom, or in any wise interfering with the

[1]Reported in 74 Pac. 1069.

possession of the plaintiffs in the exercise of their rights on said premises. The original defendants to the action were Malacha Ryan, D. E. Service, and J. H. Allen. Defendant Service was dismissed from the case, Ryan defaulted, and Allen answered with substantially a general denial.

The real merits of the case depend upon the construction of the contract of sale given by Allen to one Moore, from whom, through divers and sundry mesne conveyances, the plaintiffs claim title and right to said timber; the contention of the appellant being that it was only the standing timber that was conveyed by Allen to Moore, while the respondents contend that the just construction of the instrument is that all the timber was conveyed. The pertinent portion of the bill of sale from Allen to Moore is as follows: "Do by these presents grant, bargain, sell and convey unto the said party of the second part, his executors, administrators and assigns, all the timber of whatsoever kind and description now standing upon the following described lands, towit, . . ." This bill of sale was executed on the 12th day of May, 1897, granting to Moore all the time he might desire in which to remove the said timber from said land, and free use of all such lands for the purpose of cutting, hauling and removing the timber therefrom, or from any other land contiguous thereto.

On the 31st day of December, 1901, J. H. Allen sold to defendant Ryan certain timber on the same described tract of land. The bill of sale reads as follows: "It is agreed by and between J. H. Allen, party of the first part, and M. Ryan, party of the second part, that the party of the first part sells to the party of the second part all the cedar timber on the Chartrand place on the north fork of the Stillaguamish river," which is the land described by the other bill of sale. It will be observed that this

latter bill of sale, in any event, is a sale of timber that passed to Moore from Allen in the first bill of sale above noticed, because there was no reservation of cedar timber, or any other particular kind of timber, in that bill of sale; and we are convinced, from an examination of the bills of sale and the whole record, that it was the intention to sell Moore all of the timber upon the tract described; and that the words "now standing upon the following described lands," were not used for the purpose of reserving from the operation of the bill of sale fallen timber, but were used in the sense of the timber now being upon the following described lands; and that, therefore, the title to all the timber on the land passed to Moore and, through him, to the respondents.

It is contended by the appellant Allen that he should have been dismissed from this case, for the reason that he had no interest in it. He was brought into the case by the complaint alleging that he claimed some interest in the timber. We think that he was a proper party to the action, that he had already attempted, by his bill of sale to Ryan, to interfere with the rights of the respondents, and that the respondents had a right to have their title made clear against Allen, as well as against Allen's grantee.

There was no mistake made by the court in the scope of its judgment, and in all respects it should be affirmed. It is so ordered.

FULLERTON, C. J., and ANDERS and MOUNT, JJ., concur.